⚙AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 1 Revised by WAED - 03/10

# UNITED STATES DISTRICT COURT
## Eastern District of Washington

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | FILED IN THE U.S. DISTRICT COURT |
| Baldemar Zuniga-Guzman | Case Number: 2:09CR00075-002 EASTERN DISTRICT OF WASHINGTON |
| a/k/a Baldemar Zuniga Guzman | USM Number: 12780-085 |
| | MAR 1 8 2011 |
| Kenneth D. Therrien | JAMES R. LARSEN, CLERK |
| Defendant's Attorney | DEPUTY |
| | YAKIMA, WASHINGTON |

## THE DEFENDANT:

☒ pleaded guilty to count(s)   3, 4 and 5 of the Superseding Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) & 846 | Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine and 5 Kilograms or More of a Mixture or Substance Containing Cocaine | 03/25/09 | 3s |
| 21 U.S.C. § 841(a)(1) & 846 | Conspiracy to Manufacture 1,000 or More Marijuana Plants | 01/01/09 | 4s |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/15/2011
Date of Imposition of Judgment

Signature of Judge

The Honorable Lonny R. Suko    Judge, U.S. District Court
Name and Title of Judge

3/18/11
Date

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 U.S.C. § 1956(a)(1)(B)(i) and 371 | Conspiracy to Launder Monetary Instruments | 03/25/09 | 5s |

DEFENDANT: Baldemar Zuniga-Guzman
CASE NUMBER: 2:09CR00075-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **9 years**

on each count, all to run concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

1) participation in BOP Inmate Financial Responsibility Program;
2) placement at BOP facility near Sheridan, Oregon;
3) credit for time served.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Baldemar Zuniga-Guzman
CASE NUMBER: 2:09CR00075-002

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

5 years on Counts 3 and 4 and 2 years on Count 5, all to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Baldemar Zuniga-Guzman
CASE NUMBER: 2:09CR00075-002

# SPECIAL CONDITIONS OF SUPERVISION

14. You are prohibited from returning to the United States without advance legal permission from the United States Attorney General or his designee. Should you re-enter the United States, you are required to report to the probation office within 72 hours of re-entry.

DEFENDANT: Baldemar Zuniga-Guzman
CASE NUMBER: 2:09CR00075-002

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| **TOTALS** | $300.00 | $0.00 | $0.00 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

| **TOTALS** | $ 0.00 | $ 0.00 |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐  the interest requirement is waived for the    ☐ fine   ☐ restitution.

   ☐  the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required underChapters 109A, 110, 110A, and 113A of Title 18 for offenses comitted on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 08/09) Judgment in a Criminal Case
         Sheet 6 — Schedule of Payments

Judgment — Page 7 of 8

DEFENDANT: Baldemar Zuniga-Guzman
CASE NUMBER: 2:09CR00075-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance  ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☑  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☑ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

    participation in BOP Inmate Financial Responsibility Program.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Case Numbers (including defendant number) and Defendant and Co-Defendant Names, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    See Page 8.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: Baldemar Zuniga-Guzman
CASE NUMBER: 2:09CR00075-002

# ADDITIONAL FORFEITED PROPERTY

REAL PROPERTY
Real property located at 2256 West Barbara Road, in Othello, Washington, legally described as follows:

Lot 8, Block 5, SUMMERSET WEST FIRST ADDITION, according to the plat thereof of record in the office of the Auditor of Adams County, Washington.

Together with a 1972 24x60 Kingswood Mobile Home.

Parcel No: 1-529-03-096-0508.

SUBJECT TO rights reserved in federal patents or state deeds; reservations, restrictions, land use and zoning laws; plat dedications, restrictive and protective covenants, easements and rights-of-way of record or in apparent use; and existing or future municipal, county, state or other governmental or quasi-governmental taxes and assessments, including utility tap or connection charges, if any. Together with all appurtenances, fixtures, attachments, and improvements thereto and thereupon.

CURRENCY
1) Approximately $8,000.00 in United States currency seized on or about March 25, 2009;

2) Approximately $7,600.00 in United States currency seized on or about March 25, 2009, from a hidden compartment in a 1999 Ford Explorer, VIN: 1FMZU34E5XZB10207; and,

3) Approximately $157,730.00 in United States currency seized on or about March 25, 2009, from a hidden compartment in a 1996 Ford Explorer, VIN: 1FMDU34X9TUA53044.

VEHICLES
1) 1994 Kenworth Tractor, Washington License Number B95248D, VIN: 1XKADE9X7RS629024

2) 1990 Kenworth Tractor, Washington License Number B59886G, VIN: 1XKADB9X3LS547832;

3) 1988 Peterbilt Tractor, Washington License Number A03035T, VIN: 1XPCD29X0JD252983;

4) 1989 Kenworth Tractor, Washington License Number A40399L, VIN: 1XKAD29X5KS533557;

5) 1992 Kenworth Tractor, Washington License Number A18432Y, VIN: 1XKWDB9X9NS574154;

6) 1993 Kenworth Tractor, Washington License Number A38453V, VIN: 1XKWDR9X1PS591462;

7) 1988 Kenworth Tractor, Washington License Number A38442V, VIN: 1XKADB9X2JS510560;

8) 1990 Kenworth Tractor, Washington License Number A38443V, VIN: 1XKADB9X3LJ551255.